THE STATE, ANDREW H. McNEAL, PROSECUTOR, v. RICH-ARD H. RYAN AND THE INHABITANTS OF THE CITY OF BURLINGTON.

A tavern license granted by a common council at a special meeting, of which meeting and its object no general notice had been given, and a notice of a few hours only had been given to one citizen, who had made a request to be heard, is annulled.

This writ of *certiorari* brings up a license to keep a tavern, granted by the common council of the city of Burlington.

Argued at November Term, 1893, before Justices DEPUE, VAN SYCKEL and REED.

For the prosecutor, *Samuel W. Beldon.*

For the defendant, *John W. Wescott.*

The opinion of the court was delivered by

REED, J. This license was granted at a special meeting of the common council held on the evening of July 14th, 1893. An application for it had been presented at a meeting held July 6th. At the same meeting the prosecutor presented a communication requesting an opportunity to inspect the application for, and to present remonstrances against, the granting

of the said license.   By the terms of an amendment to the city ordinances passed the previous June 6th, the application could be granted at any subsequent meeting.

By order of the license committee the president called the special meeting of common council, held on the 14th of July. Of that meeting notice was sent to the prosecutor, which notice he says reached him about nine o'clock in the forenoon of the 14th.

At this meeting a written remonstrance was presented, and the counsel of Mr. McNeal asked for an adjournment in order that witnesses might be produced, and also asked for the inspection of other applications on file, for the purpose of ascertaining whether the names of any of the signers upon this were upon other applications.   The request was ignored and the common council at once granted the license.

I think that there was not accorded to the prosecutor a fair opportunity to be heard.   If this had been a stated meeting, or an adjourned stated meeting, the position of affairs would have been different.   The prosecutor would have had the means of knowing when the next meeting would be held, without any personal notice.   Of a special meeting, convened upon the call of members, he had no means of knowledge aside from a notice specially communicated or accidentally obtained.   The notice given during the same day to the prosecutor hardly afforded him a fair opportunity to collect his material for an attack upon the application in the evening. Besides this, I think that, under the circumstances, his counsel should have been given a reasonable opportunity to examine the papers mentioned.

But, aside from the point in respect to the reasonableness of the notice to Mr. McNeal, there is the question of notice to other citizens of Burlington.   They were entitled to be heard if they desired to oppose the license.   And when the meeting at which a license is granted is a special meeting, it would seem that there should be some general notice of the meeting and its object.

The license is set aside.